# UNITED STATES DISTRICT COURT EASTERN PA

No. TBD by Clerk

## DECLARATORY/INJUNCTIVE COMPLAINT

John Doe
  Plaintiff

v.

Mary Walk
Individually and in the Official capacity as the Director of Office of Judicial Support of the Court of Common Pleas of Delaware County
  Defendant

## I. Parties to this Complaint

A. Plaintiff

Name: Artis C. Carroll, Jr.
Inmate No. 22000450
Address: George W. Hill Correctional Facility
500 Cheyney Road, P.O. Box 23
Thornton, PA 19373

B. Defendant

    Mary Walk
    Director of Office of Judicial Support
    Delaware County Courthouse
    201 West Front Street
    Media, PA 19063

## II. Basis for Jurisdiction

The basis for this Honorable Court subject matter jurisdiction is a FEDERAL QUESTION pursuant 28 U.S.C. § 1331 and CIVIL RIGHTS pursuant 28 U.S.C. § 1343(3) and (4).

The federal statutory, constitutional, or treaty rights at issue in this complaint are, but not limited to, Civil Action for Deprivation of Rights 42 U.S.C § 1983; Civil Rights and Elective Franchise 28 U.S.C. § 1343 (3) and (4); Creation of Remedy (Declaratory Judgment Act) 28 U.S.C. § 2201(a) and § 2202; All Writs Act 28 U.S.C. § 1651(a); Prohibition Against Suspension of Habeas Corpus U.S. Const. Art. 1 § 9, cl. 2; and U.S. Const. First, Fifth, and Fourteenth Amendments Rights.

Pg. 2 of 10    Double Sided Documents

# III. Statement of Claim(s):

## A. Location

The event(s) giving rise to this complaint took place at or around the Office of Judicial Support of Delaware County, located in Delaware County, Pennsylvania, at 201 West Front Street, Media, PA 19063.

## B. Time

The date(s) and approximate time(s) the event(s) giving rise to this complaint occurred continuously since on February 3, 2022, through to this present date of May 30, 2023, and continuing, and specificly on or about, perhaps among other dates/times, April 25, 2022, and on or about March 1, 2023.

## C. Facts

¶1. I, John Doe, the Plaintiff in this civil rights case, am a 32-year-old, legally competent and mentally sound, goodwill, God fearing American man.

¶2. I'm a citizen of the United States of America and I'm a citizen of the state of Pennsylvania. I was born in Philadelphia, Pennsylvania, and I been a Pennsylvania resident for over the past 25 years.

¶3. I'm not an attorney and I have no formal legal training. Due to my current incarceration, which I explain later in this complaint, I have little to no access to office supply and legal information that would enable me to prosecute this complaint to the best of my ability. Perhaps it may actually bring it just below an unacceptable level; of course, not because I'm not entitled to relief as requested, but because I'm not an attorney, I have no formal legal training, and because I'm incarcerated with little to no access to office supply and legal information. For these said reasons, I believe it would be egregiously unfair to hold this complaint to the same standard as a professional lawyer or a person at liberty. I believe this Court should construe this complaint to do substanial justice in my favor, and to apply the appropriate law irrespective if I mention it by name or know of it or not.

¶4. On November 4, 2021, an Upper Darby Township Police Officer arrested me in Delaware County at 6310 Market Street, Upper Darby, Pennsylvania, 19082. Later that same day, said police officer filed a Police Criminal Complaint against me which purported that I purportedly committed a crime(s) on said date at said location on Market.

¶5. On January 31, 2022, my bail was revoked in said criminal case and a Bench Warrant was issued for my arrest for purportedly failing to appear to a pretrial conference without good cause. The very next day, on February 1, 2022, I was arrested by constables solely for said bench warrant, where I remained in pretrial incarceration eversince, through this date of May 30, 2023, and continuing.

¶6. On February 3, 2022, Delaware County Assistant Public Defender, Attorney Thomas Martinicchio, initiated Incompetency Involuntary Civil Commitment proceedings against me, in said criminal case, by requesting the trial court to hold me in pretrial incarceration unless or until I submit to an Involuntary Incompetency Examination.

¶ 7. I immediately OBJECTED to Attorney Martinicchio said request for an Involuntary Incompetency Examination, and requested for a Step 1 Hearing to determine if there is "reasonable cause" or a "prima facie" question that I'm somehow incompetent to be tried in said criminal case.

¶ 8. The trial court ignored my said OBJECTION and granted Attorney Martinicchio said request and actually ordered that I be held in pretrial incarceration unless or until I submit to an Involuntary Incompetency Examination.

¶ 9. It should be of note that I have little to no criminal record history, I was never convicted of any crime(s), and at all times relevant to this Complaint I was never on any type of probation or parole or serving any type of sentence.

¶ 10. Since February 3, 2022, due to said request, objection, ignorance of objection, and order, upon information and belief, I became ELIGIBLE to initiate collateral proceedings

Pg. 6 of 10 Double Sided Documents

in the CIVIL DIVISION of the trial court (the court of Common Pleas of Delaware County, Pennsylvania) in the form of a PETITION FOR A WRIT OF HABEAS CORPUS challenging my confinement due solely due to a purported MENTAL ILLNESS and/or purported MENTAL IMPAIRMENT pursuant to Habeas Corpus Discharge By Order of Court Title 50 P.S. § 4426(a), Rights and Remedies of Persons In Treatment Title 50 P.S. § 7113 (for the enforcement of my rights granted by Incompetence To Proceed On Criminal Charges and Lack of Criminal Responsiblity As Defense Hearing When Required (OBJECTION CLAUSE) Title 50 P.S. § 7402(d) and Examination and Treatment of a Person Charged With Crime or Serving Sentence (CLAUSE THAT PROCEEDING UNDER THE MENTAL HEALTH PROCEEDURES ACT (MHPA) SHALL NOT AFFECT THE CONDITIONS OF BAIL) Title 50 P.S. 7401(a)), Right To Apply for Writ [of Habeas Corpus] Title 42 Pa.C.S.A. § 6503(a), the Common Law right to Petition for A Writ of Habeas Corpus, and [Prohibition Against] Suspension of Habeas Corpus U.S. Const. Art. 1 § 9, cl. 2.

Pg. 7 of 10     Double Sided Documents

¶ 11. On May 15, 2022, Delaware County Assistant Public Defender, Attorney Timothy Walsh renewed his associate Attorney Martinicchio said request, in a document fraudulently misleading entitled "Petition for A Writ of Habeas Corpus." When I learned of this request I immediately OBJECTED, and again my OBJECTION was ignored.

¶ 12. The Defendant, MARY WALK, at all relevant times, was/is the Director of Office of Judicial Support ("OJS") of the Court of Common Pleas of Delaware County.

¶ 13. Upon information and belief WALK is the Chief Decision Maker at the OJS in regards to its policies, practices, and customs; including the training, supervision, and discipline of the employees of the OJS.

¶ 14. WALK and the OJS is essentially the Clerk of Court of Delaware County, the county just chosen to use the title OJS instead of Clerk of Court.

¶ 15. WALK and the OJS responsibilities i-

Pg. 8 of 10   Double Sided Documents

include, but are not limited to, the nondiscretionary, mandatory, ministerial act of accepting, filing, and docketing Petitions for A Writ of Habeas Corpus in the Civil Division, pursuant to the said laws, and if there are any substanial deficiencies that warrants not filing the said Petition then WALK and the OJS must notify party of the defects as to why Petition was not filed.

¶16. On June 3, 2022, Delaware County Assistant Public Defender Attorney Kevin Horan renewed his associates Attorney Martinicchio and Attorney Walsh said request. I immediately OBJECTED to said request again. My OBJECTION was again ignored, and on said date the trial court granted Attorney Walsh and Attorney Horan said request and actually ordered that I not be released from custody unless or until I submit to an Involuntary Incompetency Examination.

¶17. Upon information and belief WALK and the OJS, and all other Clerk of Court Offices in Pennsylvania, have a policy, practice, or custom, including the failure to train, supervise, and discipline in this area, of erroneously

and arbitrarily refusing to file Pro Se Petitions pursuant to the said laws, or whatever other exceptions that may exist to the Rule Against Hybrid Representation, as purportedly Hybrid Representation, when in law and in fact, its clearly not Hybrid Representation by operation of law and/or its clearly an exception to the Hybrid Representation Doctrine by operation of law. See cited laws.

¶ 18. On April 25, 2022, and May 1, 2023, I sent a letter to WALK and the OJS explaining the said situation, and asking would they file the said Petition or not and for an IFP form. They never responded. I believe that they will refuse to file my said Petition as purported Hybrid Representation.

IV. Injuries: Concrete, particularized, and imminent threat of unlawful deprivation of said federal rights.

V. Demand for Relief: ① Declare its not Hybrid Representation; ② Enjoin rejection of said Petition as Hybrid Representation; and ③ Order my release from custody.

I, Artis Carroll, declare under penalty of perjury the foregoing is true and correct.
Executed: May 30, 2023   Signature: *Artis Carroll*



Name: Artis Carroll
Inmate #: AQ0004450
George W. Hill Correctional Facility
P.O. Box 23
Thornton, PA 19373

U.S. District Court Eastern PA
CLERK OF COURT
601 Market Street
Philadelphia, PA 19106

RECEIVED JUN 05 2023
RECEIVED JUN 06 2023
BY:_____

