### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTIS C. CARROLL, JR. | : CIVIL ACTION |
| | : |
| v. | : NO. 23-2187 |
| | : |
| MARY WALK | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **June 29, 2022**

Serial litigant Artis C. Carroll, Jr. disguises himself as a John Doe in his latest challenge to a state actor's treatment of him upon his most recent return to custody in a Pennsylvania prison. He again proceeds without paying the filing fees. He today sues a state court staff member for not giving him forms to move for habeas relief in state court while the public defender represented him. He claims the court employee did not give him the forms because Pennsylvania law prohibits him from seeking habeas relief in state court separate and apart from his counsel's efforts. Mr. Carroll claims this state actor in the Office of Judicial Support is depriving him of his due process rights, violating his First, Fifth and Fourteenth Amendment rights, and violating the "privilege" of habeas corpus. He asks we release him from custody and declare his rights in state court. But Mr. Carroll admits the court staff member acts within the scope of her role in the Office of Judicial Support. She is thus immune from civil rights damages claims. We also cannot release him from custody, nor can we stop the state court evaluating his habeas petitions. We also cannot make a declaratory judgment as to the legitimacy of his state court filings. Mr. Carroll files yet another frivolous case without paying the filing fees which we must dismiss under our Congressionally mandated screening obligations. Congress requires we today enter a prefiling injunction barring Mr. Carroll from filing further civil cases in federal court as an incarcerated person without paying the filing fees or showing imminent danger of serious physical injury.

**I.   Alleged pro se facts**

An unnamed Upper Darby Township Police Officer arrested Artis C. Carroll, Jr. in Delaware County on November 4, 2021.[1] The officer filed a "Police Criminal Complaint" shortly after the arrest stating Mr. Carroll "committed a crime(s) on said date at said location[.]"[2]

An unnamed Delaware County Court of Common Pleas judge revoked Mr. Carroll's bail in the unnamed "criminal case" on January 31, 2022.[3]  The judge issued a bench warrant for Mr. Carroll's arrest the same day after Mr. Carroll failed to appear at a pretrial conference without good cause.[4] Officers arrested Mr. Carroll "solely for said bench warrant" on February 1, 2022.[5] Mr. Carroll has "remained in pretrial incarceration ever since" his February 1, 2022 arrest.[6]

### *Mr. Carroll objects to an involuntary incompetency exam.*

Delaware County Assistant Public Defender Thomas Martinicchio began "Incompetency Involuntary Civil Commitment proceedings" against Mr. Carroll in the unnamed criminal case on February 3, 2022.[7] Public Defender Martinicchio requested the trial judge hold Mr. Carroll in pretrial custody unless or until Mr. Carroll submitted to an involuntary incompetency exam.[8] Mr. Carroll immediately objected to Public Defender Martinicchio's request.[9] Mr. Carroll requested a Step One hearing to see if "reasonable cause" or a "prima facie" question existed to show his incompetence.[10] The trial judge "ignored" Mr. Carroll's objection and granted Public Defender Martinicchio's request.[11] The trial judge ordered Mr. Carroll be held in pretrial incarceration until he submitted to an involuntary incompetency exam.[12]

### *Mr. Carroll tries to petition for habeas relief in state court.*

Mr. Carroll "upon information and belief" became eligible to petition for habeas relief to challenge his confinement in his unnamed criminal case due "solely" to his "purported mental illness and/or purported mental impairment" after the trial judge ordered his pretrial confinement.[13]

Mr. Carroll wrote to the Director of the Office of Judicial Support of the Delaware County Court of Common Pleas Mary Walk to explain his situation, petition, and to ask for an *in forma pauperis* form on April 25, 2022.[14] Director Walk is the "chief decision maker" at the Office of Judicial Support and controls its policies, practices, and customs including the training, supervision, and discipline of the employees.[15] Director Walk's responsibilities include the "ministerial act" of accepting, filing, and docketing petitions for writs of habeas corpus and notifying parties of defects preventing the filing of petitions.[16] But neither Director Walk nor the Office of Judicial Support responded to Mr. Carroll's April 25, 2022 letter.[17]

### *Mr. Carroll again objects to an involuntary incompetency exam.*

Delaware County Assistant Public Defender Timothy Walsh renewed Public Defender Martinicchio's request for Mr. Carroll's incompetency exam in a document "fraudulently" and "misleading[ly]" titled "Petition for a Writ of Habeas Corpus" on May 15, 2022.[18] Delaware County Assistant Public Defender Kevin Horan renewed this request again on June 3, 2022.[19] Mr. Carroll objected immediately when he learned of each of these requests.[20] But the trial judge "ignored" Mr. Carroll's objections and granted Public Defenders Walsh and Horan's requests on June 3, 2022.[21] The trial judge ordered Mr. Carroll remain in custody until he submitted to the involuntary incompetency exam.[22]

### *Mr. Carroll tries again to petition for habeas relief in state court.*

Mr. Carroll again wrote again to Director Walk to petition for habeas relief and ask for an *in forma pauperis* form on May 1, 2023 but she did not respond.[23]

## II. Analysis

Mr. Carroll, disguising himself as a John Doe, pro se sues only Director Walk for violating his civil rights.[24]  He cannot proceed as a John Doe based on his sworn facts.[25]

3

Mr. Carroll claims Director Walk and the Office of Judicial Support have a practice of arbitrarily refusing to file pro se petitions based on the ban against hybrid representation.[26] Mr. Carroll neither specifies his meaning of hybrid representation nor why his filing should not qualify as hybrid representation given the public defenders representing him.[27]

Mr. Carroll's Complaint, construed in the most liberal fashion without speculation, seemingly tries to plead claims against Director Walk for:

- depriving him of his due process rights under 42 U.S.C. § 1983;

- violating his First, Fifth, and Fourteenth Amendments rights; and

- violating the privilege of the writ of habeas corpus.[28]

Mr. Carroll demands we declare "it[']s not [h]ybrid representation" (we liberally construe "it" as meaning Mr. Carroll petitioning for habeas relief), enjoin the rejection of Mr. Carroll's habeas petition, and order Mr. Carroll's release from custody.[29]

Congress requires we screen the incarcerated Mr. Carroll's Complaint.[30] Congress requires we must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[31] On review, we must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."[32] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915A(b)(1).[33] A complaint containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" meets the Rule 12(b)(6) standard.[34]

We accept all facts in Mr. Carroll's Complaint as true and construe those facts in light most favorable to him to determine whether he states a claim to relief plausible on its face.[35] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a *pro se* litigant's pleadings particularly where the *pro se* litigant is imprisoned."[36] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[37] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[38]

## A. We dismiss Mr. Carroll's claims against Director Walk with prejudice.

Mr. Carroll sues Director Walk in her individual and official capacities for violating his First, Fifth, and Fourteenth Amendment rights.[39] Mr. Carroll claims Director Walk is "essentially the Clerk of Court of Delaware County" responsible for the "ministerial act" of accepting, filing, and docketing petitions for writs of habeas corpus and notifying parties of defects preventing the filing of petitions.[40] He alleges he wrote two letters to her—on April 25, 2022 and about a year later on May 1, 2023—to petition for habeas relief and ask for an *in forma pauperis* form.[41] But Director Walk never responded to Mr. Carroll because she and the Office of Judicial Support have a practice of arbitrarily refusing to file pro se petitions based on the ban against hybrid representation.[42]

"To state a claim under [section] 1983, [Mr. Carroll] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[43] But court staff, as integral to the judicial process, are immune from section 1983 liability.[44] "Quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters, who are acting in their

5

official capacities."[45] "The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts."[46]

Mr. Carroll admits Director Walk acted in her official capacity as court staff when she regulated filings. Mr. Carroll does not allege facts showing Director Walk acted in a role other than her official capacity as Director of the Office of Judicial Support. Mr. Carroll's only complaint against Director Walk involves her role in the filing of court documents. She is entitled to absolute quasi-judicial immunity as this act is a function "closely associated with the judicial process."[47]

We dismiss Mr. Carroll's claims against Director Walk in her individual capacity with prejudice because she enjoys quasi-judicial immunity for her acts taken in her court-appointed roles and is immune from suit. Claims brought against Director Walk in her official capacity as a court officer are barred by Eleventh Amendment immunity.[48]

### B.  We dismiss Mr. Carroll claims seeking release from custody with prejudice.

Mr. Carroll asks we "order [his] release from custody."[49] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[50]

We dismiss Mr. Carroll's claim for release from custody brought in this civil rights case with prejudice.

6

**C. We dismiss Mr. Carroll's injunction claim with prejudice.**

Mr. Carroll claims he twice tried to petition for habeas relief in his unnamed state court criminal case but Director Walk never responded.[51] Mr. Carroll asks we enjoin some unknown state actor from rejecting his habeas petition filed in his pending criminal case in state court.[52]

We must abstain from enjoining conduct in Mr. Carroll's pending criminal proceedings. State criminal proceedings "exemplif[y]" *Younger* abstention.[53] We "***must*** refrain from enjoining" pending state criminal prosecutions.[54] This principle reflects "a longstanding public policy against federal court interference with state court proceedings."[55] And our Court of Appeals' three elements for *Younger* abstention exist here. First, ongoing state criminal proceedings exist against Mr. Carroll. It appears the Commonwealth charged him with "crime(s)" following his November 4, 2021 arrest.[56] Second, the Commonwealth's prosecution implicates the Commonwealth's important interest "in enforcing its laws."[57] Third, Mr. Carroll pleads no facts showing he does not enjoy adequate opportunity to raise his due process and other civil rights concerns in the state court proceedings.[58]

And we recognize federal courts normally may not issue injunctions against state-court judges or clerks.[59] "'An injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'"[60] And we enjoy jurisdiction only over "actual controversies arising between adverse litigants."[61] But "[s]tate-court clerks who docket those disputes and the state-court judges who decide them generally are not" adverse litigants.[62]

We dismiss Mr. Carroll's claim for injunctive relief with prejudice as barred under *Younger*.

**D.  We dismiss Mr. Carroll's declaratory relief claim.**

Mr. Carroll asks us to declare his filings are "not [h]ybrid representation[.]"[63] We liberally construe this as a request we declare Mr. Carroll's filings in the Delaware County Court of Common Pleas do not qualify as hybrid representation. We base our interpretation on Mr. Carroll's dissatisfaction with and objections to Public Defenders Martinicchio, Walsh, and Horan's requests for pretrial incarceration until or unless Mr. Carroll submits to an incompetency examination.

Congress, through the Declaratory Judgment Act, does not give litigants an absolute right to relief, but instead, gives us discretion to issue declaratory judgments.[64] But declaratory relief has been deemed "functionally equivalent" to injunctive relief under certain circumstances.[65] And "[t]he *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief" because "*Younger's*[] policy would 'be frustrated as much by a declaratory judgment as it would be by an injunction.'"[66]

Mr. Carroll's request for declaratory relief is the functional equivalent to his request for injunctive relief barred under *Younger*. A declaration stating Mr. Carroll's filings are not examples of hybrid representation would force the Office of Judicial Support to accept Mr. Carroll's habeas petition—the same result Mr. Carroll seeks through injunctive relief.

We dismiss Mr. Carroll's claims for declaratory relief with prejudice as barred under *Younger*.

**E.  We bar Mr. Carroll from further civil filings in federal court without paying the filing fees or showing imminent danger of serious physical injury.**

Mr. Carroll is a serial litigant in this Court.[67] Some of his cases proceeded beyond the pleadings stage. We dismissed many of his cases for lack of prosecution. We dismissed at least two earlier cases for failure to state a claim.[68] And we have twice explicitly found and dismissed

8

two other complaints as legally frivolous.[69] This is now the fifth time we dismiss finding Mr. Carroll's Complaint frivolous or fails to state a claim.

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act in 1996.[70] Among other things, the Act implemented the so-called "three strikes rule":

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[71]

As an incarcerated person with more than three "strikes[,]" Mr. Carroll can only obtain *in forma pauperis* status if he is in imminent danger of serious physical injury. "Imminent dangers are those dangers which are about to occur at any moment or are impending."[72] An incarcerated person alleging he faced imminent danger sometime in the past is therefore "an insufficient basis to allow him to proceed in forma pauperis."[73] Even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury."[74] When considering whether imminent danger of serious physical injury has been alleged, we may reject "vague" or "conclusory" allegations as insufficient to justify the privilege of *in forma pauperis* status.[75]

Mr. Carroll may in the future only bring a civil action as an incarcerated person if he: (1) pays the full filing fee upon commencement of the case, or (2) he is under imminent danger of serious physical injury. And we recognize here, Mr. Carroll has not paid the full fee or pleaded any facts he is under imminent danger of serious physical injury.

9

## III. Conclusion

We dismiss Mr. Carroll's Complaint with prejudice as he cannot state a claim against Director Walk since she is immune from suit. An amendment is futile because Mr. Carroll's sole federal remedy for release from custody is a writ of habeas corpus. And Mr. Carroll's claims for injunctive and declaratory relief are barred in his ongoing state criminal case. We bar Mr. Carroll from filing future civil cases in federal court while incarcerated without paying the filing fees or demonstrating he is under imminent danger of serious physical injury under 28 U.S.C. § 1915(g).

---

[1] ECF Doc. No. 1 ¶ 4.

[2] *Id.*

[3] *Id.* ¶ 5.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* ¶ 6.

[8] *Id.*

[9] *Id.* ¶ 7.

[10] *Id.*

[11] *Id.* ¶ 8.

[12] *Id.*

[13] *Id.* ¶ 10.

[14] *Id.* ¶¶ 12, 18.

[15] *Id.* ¶ 13.

[16] *Id.* ¶ 15.

[17] *Id.* ¶ 18.

[18] *Id.* ¶ 11.

[19] *Id.* ¶ 16.

[20] *Id.* ¶¶ 11, 16.

[21] *Id.*

[22] *Id.* ¶ 16.

[23] *Id.* ¶ 18.

[24] ECF Doc. No. 1.

[25] The Supreme Court under the Rules Enabling Act and Federal Rule of Civil Procedure 10(a) requires parties to a lawsuit identify themselves in their respective pleadings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing Fed. R. Civ. P. 10(a); *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "Identifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* (internal citations omitted). So "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)).

We may, only in exceptional cases, allow a party to proceed anonymously when the party shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). Mr. Carroll has not provided us facts showing both a fear of severe harm and the fear of severe harm is reasonable.

[26] ECF Doc. No. 1 ¶ 17.

[27] "Pennsylvania law . . . tells courts not to consider pro se pleadings filed by parties who are represented by counsel (so-called 'hybrid representation')." *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 757 (3d Cir. 2018).

[28] ECF Doc. No. 1 at 2.

[29] *Id.* at 10.

[30] *Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000).

[31] 28 U.S.C. § 1915A(a).

[32] 28 U.S.C. § 1915A(b).

[33] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[35] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[36] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)) (internal quotations omitted).

[37] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244).

[38] *Id.* (quoting *Mala*, 704 F.3d at 245) (italics added).

[39] ECF Doc. No. 1 at 1.

[40] *Id.* ¶¶ 14–15.

[41] *Id.* ¶¶ 11, 16.

[42] *Id.* ¶ 18.

[43] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[44] *McArdle v. Tronetti*, 961 F.2d 1083, 1084 (3d Cir. 1992) (citing *Burns v. Reed*, 500 U.S. 478, (1991)).

[45] *Shahin v. Darling*, 606 F. Supp. 2d 525, 543 (D. Del. 2009), *aff'd*, 350 F. App'x 605 (3d Cir. 2009); *see also Villarreal v. New Jersey*, 803 F. App'x 583, 588 (3d Cir. 2020) ("Clerk Smith is also entitled to quasi-judicial immunity for carrying out a facially valid Writ of Execution.").

[46] *Harris v. Cashman*, No. 20-00528, 2021 WL 602679, at *5 (W.D. Pa. Feb. 16, 2021) (quoting *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009)).

[47] *Id.* at *6.

[48] Claims against judges and court officers in their official capacities, which are in essence claims against the Commonwealth of Pennsylvania, are barred by Eleventh Amendment. *See Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012).

[49] ECF Doc. No. 1 at 10.

[50] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41–42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*)

("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

[51] ECF Doc. No. 1 ¶ 18.

[52] *Id.* at 10.

[53] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). *Younger* abstention is not a jurisdictional principle, but a doctrine first announced by the Supreme Court in *Younger v. Harris* in the context of preventing federal courts from interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971). Under *Younger*, we abstain from, and dismiss, claims otherwise within the scope of federal jurisdiction when "exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States." *Sprint*, 571 U.S. at 78.

[54] *Sprint*, 571 U.S. at 72 (emphasis added).

[55] *Lui v. Comm'n, Adult Ent., De*, 369 F.3d 319, 325 (3d Cir. 2004).

[56] ECF Doc. No. 1 ¶ 4.

[57] *Miles v. Smith*, No. 20-1434, 2021 WL 149054, at *2 (M.D. Pa. Jan. 15, 2021), *aff'd*, No. 21-1356, 2022 WL 1535275 (3d Cir. May 16, 2022).

[58] *See, e.g.*, *Lui*, 369 F.3d at 326 (noting the "competen[ce]" of state courts to adjudicate claims arising under the Federal Constitution).

[59] *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021).

[60] *Id.* (quoting *Ex Parte Young*, 209 U.S. 123, 159–160 (1908)).

[61] *Id.* (quoting *Muskrat v. United States*, 219 U.S. 346, 361 (1911)).

[62] *Id.*

[63] ECF Doc. No. 1 at 10.

[64] *Green v. Mansour*, 474 U.S. 64, 72 (1985); *see also* 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

[65] *Alli v. Decker*, 650 F.3d 1007, 1014 (3d Cir. 2011).

[66] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 632 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (quoting *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000) (quoting *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

[67] We dismissed several cases on motions. Mr. Carroll withdrew several cases. We also dismissed at least two earlier cases as frivolous and others for failing to state a claim. *See Carroll v. Millersville Univ. of Pennsylvania, et al.*, No. 16-1406 (summary judgment for defendants); *Carroll v. Wright*, No. 19-238 (dismissed as frivolous on January 24, 2019 and affirmed on September 18, 2019); *Carroll v. Bauman et al.*, No. 19-721 (dismissed pending exhaustion); *Carroll v. Madara*, No. 19-2059 (dismissed for lack of prosecution); *Carroll v. Anders*, No. 19-2060 (summary judgment for defendants); *Carroll v. Dodszuweit*, No. 21-3369 (voluntarily dismissed); *Carroll v. McCann*, No. 21-5143 (dismissed for lack of prosecution); *Carroll v. The Warden of George W. Hill Correctional Facility, et al.*, No. 21-5165 (same); *Carroll v. Delaware County of Pennsylvania, et al.*, No. 21-5289 (same); *Carroll v. The Life Center Eastern Delaware, et al.*, No. 21-5669 (same); *Carroll v. Brennan*, No. 21-5685 (same); *Carroll v. Love, et al.*, No. 21-5691 (same); *Carroll v. Dodszuweit*, No. 21-3369; *Carroll v. Delaware County Court of Common Pleas, et al.*, No. 22-252 (same); *Carroll v. Mallon*, No. 22-848 (dismissed after screening for failure to state a claim); *Carroll v. George W. Hill, et al.*, No. 22-1720 (awaiting service); *Carroll v. Delaware County Prison, et al.*, No. 22-2110 (consolidated with No. 22-1720); *Carroll v. Totaro, et al.*, No. 22-3885 (dismissed as frivolous); *Carroll v. Williams, et. al.*, No. 22-2690 (dismissed after screening for failure to state a claim).

[68] *Carroll v. Mallon,* No. 22-848 at ECF Doc. Nos. 11, 12; *Carroll v. Williams, et al.*, No. 22-2690.

[69] *Carroll v. Wright*, No. 19-238 at ECF Doc. Nos. 8, 9; *Carroll v. Totaro, et al.*, No. 22-3885 at ECF Doc. Nos. 6, 7.

[70] *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013), *rev'd on other grounds Coleman v. Tollefson*, 135 S. Ct. 1759 (2015) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted).

[71] 28 U.S.C. § 1915(g).

[72] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (internal quotation marks omitted).

[73] *Ball*, 726 F.3d at 467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)) (internal quotation marks omitted).

[74] 28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at 468 (suggesting that certain complaints, such as being forced to work in inclement weather, "may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

[75] *Ball*, 726 F.3d at 468.