UNITED STATES DISTRICT COURT FOR EASTERN PA

Artis C. Carroll, Jr.           : CIVIL CASE
                v.
Mary Walk                       : No. 23 - 2187

## MOTION FOR RECONSIDERATION

   AND NOW, on this 24th day of July 2023, comes the Plaintiff, Mr. Artis C. Carroll, Jr., hereby now moving this Honorable Court pursuant Fed. R. Civ. P. Rule 59(e) for reconsideration of the judgment entered on June 29, 2023, dismissal with prejudice and purported filing injunction; and in support thereof I respectfully state the following:

### I. LEGAL STANDARDS

   ¶ 1. "A district court may grant a Rule 59(e) motion [for reconsideration of judgment only] if there is: (1) a clear error of law [or fact]; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." See, Mich. Flyer LLC v. Wayne Co. Airport Auth. 860 F.3d 425, 431 (6th Cir. 2017).

   ¶ 2. "Although Rule 59(e) expressly authorizes a court [purportedly] only to "alter or amend" its judgment, it is commonly recognized that a party [ ] my also seek to have the[ ] judgment vacated [ ] properly [ ] under Rule 59(e)." See, A.D. v. Weiss Lithograph Co. v. Illinois Adhesive Products Co., 705 F.2d 249, 250 (7th Cir. 1983); [see also] 11 C. Wright & A. Miller, Federal Practice and Procedure § 2817 (1973).

   ¶ 3. "A motion for [reconsideration of judgment] must be filed no later than 28 days after the entry

of [the] judgment." See, Fed. R. Civ. P. 59(e)." The time limit for filing a [motion for reconsideration of judgment] imposed in Rule 59[e] is mandatory and jurisdictional; it cannot be extended by the trial court." See, Tarlton v. Exxon, 688 F.2d 973, 977 (5th Cir. 1982). A Rule 59 motion by a prison inmate is "treated as filed on the date that [it is] placed in the prison mail[], rather than the date [it is] received." See, Bourne v. Gunnels, No. 16-0515, 2023 WL 1867462, at *3 (S.D. Texas, Houston Division. February 9, 2023) (applying prisoner mailbox rule to a Rule 59 motion) citing Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 2382-83, 101 L. Ed. 2d 245 (1988).

## II. SPECIFIC GROUNDS WHY RECONSIDERATION OF THE SAID JUNE 29, 2023, JUDGMENT SHOULD BE GRANTED

GROUND ONE: This court erred and or abused its discretion by committing a clear error of law and or fact when it egregiously misrepresented the claims of my complaint against Ms. Walk in this case, which renders the said judgment invalid, as it is inapplicable to the complaint, to the extent it purports to reach the merits of my claim(s) in the complaint.

Facts in support of GROUN ONE: The complaint that commenced this case is clearly entitled "Declaratory / Injunctive Complaint." See, Complaint. It clearly states the basis for jurisdiction of this court is a Federal Question pursuant 28 U.S.C. § 1331 and Civil Rights pursuant 28 U.S.C. § 1343 (3) and (4). See Id. It clearly states that the federal constitutional or statutory provisions at issue in the complaint are, among other things,

Creation of a Remedy (a.k.a. the Declaratory Judgment Act) 28 U.S.C. § 2201 and 2022; and The All Writs Act 28 U.S.C. § 1651(a). See Id. The other federal constitutional or statutory provisions I cited in the complaint to be at issue were redundant to the ones cited in the basis for jurisdiction section and or were cited by me for the limited purpose of me identifying the orgin of the rights and responsibilities I want this court to declare, in hopes of preventing the violation of my federal rights where in such event this court, although it still currently does has jurisdiction notwithstanding the complaint does *not* allege any of my rights were violated, "would" too have jurisdiction over. See Id generally. It clearly does not allege, nor does it intend to allege, that any of my rights were violated. See Id. It clearly states that I have a reasonable belief that the Defendant Ms. Walk *would* violate my rights (cited in the complaint) by refusing to file a state court petition for a writ of habeas corpus that I *intend to file*, yet I never yet attempted to. See Id. It clearly states that I'm suing Ms. Walk in her Individual Capacity. See Id. However, in the June 29, 2023, Judgment in this case, this court egregiously misrepresented my said claim by purporting my claim in the complaint is that Ms. Walk did already *in fact* violate my rights. See, June 29, 2023 Judgment.

Legal standards and arguments in support of GROUND ONE: First and foremost, as I mention in GROUND TWO (infra), the complaint, as its said title suggest, *only* seeks prospective declaratory and injunctive (nonmonetary) forms of relief. Me claiming that I *anticipate* Ms. Walk to violate my rights, go hand in hand with me only seeking said type of relief. Whether

(legal standard and arguments for GROUND ONE continued)

or not I claimed Ms. Walk did in fact violated my rights or that I anticipate her to violate my rights is material to the complaint and this case because, among other reasons, the former claim tends to be only remedied through retrospective forms of relief such as monetary damages, where the latter claim can only be remedied through prospective declaratory or injunctive nonmonetary forms of relief. The former makes it seem like I'm not seeking declaratory relief in the true legal sense, and it makes it seem like I'm seeking monetary damages from Ms. Walk who is at least arguably immune from such relief. "Declaratory judgment is inappropriate solely to adjudicate past conduct." See Corliss v. O'Brien, 200 Fed. Appx. 80, 84 (3d Cir. 2006); see also, Andela v. Administrative Office of U.S. Courts, 569 Fed. Appx. 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Although this court did not outright claim that it dismissed my claims for declaratory because I improperly sought it to adjudicate past conduct, if the said misrepresentation(s) of this court were actually true then this said claim will support the judgment in question albeit on the said alternative grounds. This court claimed that it dismissed my claims against Ms. Walk with prejudice because, as a clerk of court, she is purportedly protected by quasi-judicial immunity based on the misrepresentation of this court that she made a judicial-like-decision when she decided to refuse to file my state court petition for a writ of habeas corpus. The problem with the said ruling is that, as explained above, I never claimed, or intended to claim, in the complaint that she or any one else did in fact ever once refused to file

Pg. 4 of 15

(legal standards and arguments for GROUND ONE continued)

a petition for a writ of habeas corpus or any other document. So, to the extent the said judgment of dismissal with prejudice is based on the ground that I purportedly seek monetary damages from Ms. Walk who is purportedly protected by quasi-judicial immunity, this Court was without any judicial authority whatsoever to render such an advisory opinion in contravention of U.S. Constitution Article III case-or-controversy requirement because the complaint, as explained above, does not claim Ms. Walk or anyone violated my rights nor does it request monetary damages from Ms. Walk or anyone else; so at least that portion of the said judgment is void. "Under Article III of the Constitution, federal courts may exercise jurisdiction only over 'Cases' and 'Controversies.'" See, Dream Defenders v. Governor of the State of Florida, 57 F.4th 879, 886 (11th Cir. 2023) citing U.S. Const. Art. III, §2. "[Federal District] Court lacks authority [a.k.a. jurisdiction] to 'render an advisory opinion on hypothetical or abstract facts [or facts not pressed before the court].'" See, Nguyen v. Hartford Underwriters Insurance Company, 514 F.Supp. 3d 831, 836 (M.D. Louisiana Jan. 21, 2021). "A judgment rendered by a court lacking jurisdiction is void." See, Rocky Mountain Chipseal, LLC v. Sherman County, Kan., 841 F.Supp. 2d 1224, 1227 (D. Colo. 2012). And or in the alternative, the said portion of the said judgment is void because its repugnant to U.S. Const. Art. III §2, and because its inconsistant with Due Process. "[Anything] [] repugnant to the [U.S.] [C]onstitution is void." See, Moore v. Harper, 600 U.S. __ 143 S.Ct. 2065, 2080 (2023). "A judgment is void if its entry was inconsistent with due process of law [.]" See, In re Hanson,

Pg. 5 of 15

, 308 B.R. 903, 905 (W.D. Wisconsin 2003). Therefore, for all the said reasons this court should, and is requested to, VACATE all portions of the said June 29, 2023 Judgment that purports I claimed Ms. Walk violated any of my rights and that I purportedly seek monetary damages, including any portion of said judgment that relies on the said misrepresentation either directly or indirectly.

GROUND TWO: This court erred and or abused its discretion by committing a clear error of law and or fact when it wholly failed to consider my claim that declaratory judgment is appropriate in this case because I should not have to wait until Ms. Walk violate my rights for a remedy, rather it would be more appropriate for this court to declare that I have the right to file the said type of petition for a writ of habeas corpus in the civil division of the Court of Common Pleas of Delaware County and Ms. Walk has the responsibility to file it, and that the Rule Against Hybrid Representation is inapplicable or my case is an exception because the State trial court failed to appoint my counsel to OPPOSE the MHPA proceeding and the MHPA clearly authorizes me to challenge MHPA proceedings regardless of my status of counsel or not.

Facts in support of GROUND TWO: Instead of addressing my said claim, this court misrepresented my said claim as explained in GROUND ONE. In the complaint I clearly state that the Public Defender Office initiated Incompetency Involuntary Civil Commitment proceedings against me

Pg. 6 of 15

over my objections. The complaint clearly states that I have the right to oppose such proceedings, that perhaps the state trial court failed to appoint me counsel to oppose such proceedings, and the state trial court is ignoring all of my objections and opposition to the said MHPA proceedings. It clearly states that I wrote letters to Ms. Walk explaining my situation, explaining that it would not be hybrid representation and or my situation is an exception to hybrid representation, that I intend on attempting to file a state court petition for a writ of habeas corpus, and I asked her do she have any objections to me doing so or if she believes it would be hybrid representation, and she never responsed to my said letters.

Legal standards and arguments in support of GROUND TWO: State and Federal law of course allows me to challenge the actual or threaten lost of physical liberty. This is true even when my criminal defense attorney requested the lost of my physical liberty over my timely and proper OBJECTIONS. Otherwise, Incompetency Involuntary Civil Commitment proceedings would be VOID as repugnant to the Due Process clause of the U.S. Constitution and inconsistant with Due Process. This is the whole point of the MHPA statute Title 50 P.S. § 7402(d) Objection By Defendant Clause, which allows a criminal defendant to OPPOSE Incompetency Involuntary Civil Commitment proceedings even if their own criminal defense attorney initiated the said proceeding. See Commonwealth v. Mayer, 454 Pa. Super 353, 685 A. 2d 571, 572 (Pa. Super. 1996) In Mayer the Superior Court of PA interpeted

Pg. 7 of 15

(legal standards and arguments for GROUND TWO continued)

§7402(d) of the MHPA, and the court explained that when defense counsel request for an incompetency examination, to which the defendant objects to, it is that defense counsel burden alone, at a "Step 1 Hearing, to establish that there is "reasonable cause" or a "prima facie" question that the defendant is somehow incompetent to stand trial, to which would justify and warrant their request for an incompetency examination. See Id. Thus, when MHPA is applied to criminal proceedings, in the said context where the defendant OBJECTS to defense counsel said request, this is where said defense counsel representation of said defendant ends, and that said defendant is entitled to appointment of MHPA Counsel (a.k.a conflict counsel), pursuant MHPA Title 50 P.S. § 7303(b) and § 7402(c) (§7303(b) applicable to criminal incompetency proceedings through § 7401(a), to OPPOSE the said MHPA proceedings. The fact that the state trial court failed to appoint me said MHPA Counsel to OPPOSE the MHPA proceedings and fail to acknowledge my said OBJECTIONS pursuant MHPA §7402(d) does not change the fact that I have the right to challenge such proceedings, and it does not change the fact that LOGICALLY me challenging the said MHPA proceedings, where counsel was never appointed to do so, is not hybrid representation because no attorney has been appointed to OPPOSE the MHPA proceedings, and or in the alternative this situation is an exception to the rule against hybrid representation. Moreover, alternatively, whether I'm purportedly represented by counsel or not is irrelevant because, notwithstanding the "rule against hybrid representation," the MHPA strictly prohibits requiring a Petition for A Writ for Habeas Corpus Pursuant Title 50 P.S. § 4426(a) to be filed by an attorney.

Pg. 8 of 15

See, Title 50 P.S. § 4426(a) which makes it SO CLEAR that "Every person committed or detained in a facility by reason of [the MHPA] or anyone acting on his behalf, may at any time, petition for a writ of Habeas Corpus[.]" This clearly means that if I'm being held in custody pursuant the MHPA I can file a Petition for A Writ of Habeas Corpus Pursuant Title 50 P.S. § 4426(a) irrespective if an attorney could file one or not. See, Commonwealth ex. rel. Swann v. Shovlin, 423 Pa. 26, 36, 223 A. 2d 1, 7 (1966) (Holding [Title 50 P.S. § 4426(a)] insured that person detained subject to the MHPA may petition for a writ of habeas corpus on their own behalf and striking down court rule that counsel must file the petition as unconstitutional). This Court never considered any of my said facts, legal standards, or arguments which are necessarily in the said complaint. Instead, this court considered its misrepresentation of my said claims as I mentioned in GROUND ONE (supra). The failure to consider the claims made in a complaint, without providing an explanation as to why, is repugnant to the First and Fifth Amendment of the U.S. Constitution and inconsistent with Due Process; thus, voiding in part or the entire said judgment. Therefore, this court should, and is requested to grant this motion and vacate or amend/alter the said judgment so that it can address my said claims or explain why not

GROUND THREE: This court erred and or abused its discretion by committing a clear error of law and or fact when it egregiously misrepresented the form of relief I requested in the complaint in this case, which renders the said judgment invalid, as it is inapplicable

to the complaint, to the extent it relies on the said misrepresentation of the relief requested.

Facts in support of GROUND THREE: In my complaint I clearly only request three things for relief: (1) Declare that me filing a Petition for A Writ of Habeas Corpus Pursuant Title 50 P.S. § 4426 (a) would not be considered hybrid representation, and or its an exception to hybrid representation; and thus declare that I have the right to file it, and likewise the Defendant Ms. Walk has the responsibility to file it; (2) Enjoin Defendant Ms. Walk from refusing to file my anticipated Petition for A Writ of Habeas Corpus Pursuant Title 50 P.S. § 4426 (a) on the grounds that its purportedly hybrid representation; and (3) Order my release from Custody. However, in the said judgment this court misrepresented the said relief I seek, and claimed and or suggested directly or indirectly that I purportedly seek monetary damages in this case. For example, as mentioned in GROUND ONE (supra) this court claimed that I claimed Ms. Walk violated my rights, which tends to prove I seek monetary damages. Another example, this court stated that "my" [purported] "claims for damages are dismissed with prejudice as barred by quasi-judicial immunity." However, I never claimed that my rights were violated (in the context mentioned above) nor did I ever claim to seek monetary damages anywhere in said complaint.

Legal standards and argument in support of GROUND THREE: The complaint does not make any request for monetary damages, nor does it intend to. The portion

of the said judgment that claims and or suggest, directly or indirectly, that I purportedly seek monetary damages in the complaint is VOID as invalid because I did not request monetary damages in the complaint. Therefore, the said portions of the judgment should, and is requested to, be vacated on said grounds.

GROUND FOUR: This court erred and or abused its discretion by committing a clear error of law and or fact when it claimed that Ms. Walk is entitled to quasi-judicial immunity regarding my said claim for prospective injunctive relief because I also sought prospective declaratory relief against Ms. Walk in this case which is a prerequisite to injunctive relief due to the 1996 Amendment to 42 U.S.C. §1983 although I'm not claiming Ms. Walk or anyone violated my rights in the complaint. Assuming my claim for declaratory relief is granted, I belief this court might have the authority to issue an injunction to enforce it. I may be wrong, I may have to wait until the Declaratory Decree was violated. Moreover, it was an clear error of law and or fact to dismiss the said claim for injunctive relief with prejudice, assuming I have to wait until a Declaratory Decree was violated, because the claim is premature. (facts, legal standard, and arguments included).

GROUND FIVE: This court erred and or abused its discretion by committing a clear of fact and or law when it made the conclusionary allegation, very cas-

(GROUND FIVE continued)

ually as a matter of fact that Younger Abstention is somehow applicable to this case. This court wholly failed to mention or discuss the 3 prongs that make Younger Abstention even applicable, and it failed to mention or discuss that no exceptions to the Younger Abstention Doctrine apply. I argue that the Younger Abstention is inapplicable because, among other reasons,: (1) The ongoing state court proceedings no longer implicate important state interest (the second prong); and (2) There is no adequate opportunity in the state court proceedings to raise constitutional challenges. For example, the time that I spent in pretrial incarceration (20 months and continuing), considering if I was convicted on all counts of the criminal charges my standard recommended sentence would be RS - 3 months incarceration with the maximum statutory penalty ranging from 90 days to 24 months of prison, the underlying criminal case is now arguably moot as the state cannot obtain any further relief, and so there is no important state interest at stake in the state court proceedings. Another example, the ignoring of my objections and failure to appoint MHPA Counsel prove the state proceedings do not prove me any opportunity to raise constitutional issues. Even if Younger applies, exceptions are present. Moreover, this court erred as it should have given me notice and an opportunity to be heard regarding Abstention. Also erred because, if Abstention really applies, dismissal should be WITHOUT PREJUDICE as exercise of jurisdiction is declined. Therefore, the portions of said judgment regarding Younger Abstention, to the extent its inconsistent with this motion and this ground, should and is requested to be VACATED, AMEND-

Pg. 12 of 15

ED or ALTERED to be consistent with this motion and this ground. It's clearly erroneous, undeveloped, repugnant to the Constitution and inconsistent with due process.

GROUND SIX: This court committed a clear error of law and or fact when it purported in the said judgment that three strikes under the PLRA, in and of itself, requires a "filing injunction." The three strikes provision of the PLRA does not authorize the Clerk of this Court <u>not to file</u> any new complaints of a prisoner with three strikes. It only authorizes the court to deny IFP status, require prepayment to proceed, and to dismiss the civil action or appeal if the payment is not made for failure to prosecute. On the other hand, a "filing injunction" is more serious and implicates constitutional rights. A filing injunction is what this court issued against Mr. Derrick J. Ellerbe ***444 in <u>Ellerbe v. Judicial Council for the Third Circuit</u> No. 23-0407, 2023 WL 2163900 (E.D. Pa. February 22, 2023). I have not reached the dishonorable level of Mr. Ellerbe. A filing injunction requires the Clerk of Court <u>not to file</u> any new complaints without permission from the Court. The use of the phrase "filing injunction" is erroneous, void for vagueness, and inappropriate. It should be VACATED or AMENDED.

GROUND SEVEN: Clear error of fact and or law in that notice and an opportunity to be heard (meaningful) was not provided before the declaration of three strikes. And the complaint is not a <u>civil action</u>.

WHEREFORE, this motion should be GRANTED and the said judgment VACATED, AMENDED or ALTERED.

Date: July 24, 2023     Pg. 13    Signature: _____

Pg. 13 of 15

## DECLARATION OF PRISONER MAILING DATE

I, Artis Carroll, hereby declare that on today <u>July 24, 2023</u> I deposited the foregoing document entitled <u>Motion for Reconsideration</u> into my prisoner mailbox properly addressed to the Clerk / Prothonotary of this Court to be filed in this case <u>Carroll v. Walk, No. 23-2187</u>.

I, Artis Carroll, declare under the penalty of perjury that the foregoing facts in this declaration are true and correct.

Executed: <u>July 24, 2023</u>

Signature: <u>Artis Carroll</u>

Pg. 14 of 15

## CERIFICATE OF SERVICE

I, Artis Carroll, hereby certify that on today <u>July 24, 2023</u> I properly served the foregoing document entitled <u>Motion for Reconsideration</u> on all of the following individuals via placing a true and correct copy of it in the U.S. Mail sent First Class Postage Prepaid addressed as follows, in sufficient compliance with the relevant law on service (<u>Fed. R. Civ. P. on service</u>); service as follows:

<u>Ms. Mary Walk</u>
<u>Office of Judicial Support</u>
<u>201 West Front Street</u>
<u>Media, PA 19063</u>

DATE: <u>7-24-23</u>   RESPECTFULLY SUBMITTED BY: _____
(Signature)

Artis C. Carroll, Jr.

Inmate No. 22000450

George W. Hill Correctional Facility

500 Cheyney Road, P.O. Box 23

Thornton, PA 19373

Pg. 15 of 15      END OF DOCUMENT

