IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTIS C. CARROLL, JR. | : CIVIL ACTION |
| | : |
| v. | : NO. 23-2187 |
| | : |
| MARY WALK | : |

## ORDER

**AND NOW**, this 31st day of July 2023, upon considering Plaintiff's pro se Motion for reconsideration (ECF No. 14) of our July 29, 2023 Order dismissing his frivolous Complaint against a state court staff member (ECF No. 13) for the reasons in our accompanying Memorandum (ECF No. 12), and finding no basis to reconsider our extensive findings particularly as Plaintiff now concedes he lacks standing to challenge possible future violations which have not yet occurred, it is **ORDERED** Plaintiff's Motion (ECF No. 14) is **DENIED**.[1]

KEARNEY, J.

---

[1] We dismissed with prejudice Artis Carroll's pro se Complaint on June 29, 2023 following our Congressionally mandated screening under section 1915A against the Director of the Office of Judicial Support of the Delaware County Court of Common Pleas Mary Walk. Mr. Carroll then asked us to: (1) declare Mr. Carroll petitioning for habeas relief in state court is not considered hybrid representation when the public defender is also representing him; (2) enjoin Delaware County's possible later rejection of Mr. Carroll's habeas petition; and (3) order Mr. Carroll's release from custody. *See* ECF Nos. 1, 12, 13.

Mr. Carroll now moves under Federal Rule of Civil Procedure 59(e) for reconsideration (violating our June 29, 2023 Order by wrongly trying to disguise himself as a John Doe) arguing: (1) we committed a clear error of law by misrepresenting the claims in his Complaint because Director Walk did not violate his rights but he believes she "would" violate his rights; (2) we failed to consider Mr. Carroll's claim for declaratory judgment; (3) we misrepresented the form of relief requested; (4) we committed a clear error of law by finding Defendant Walk immune; (5) we committed a clear error of law because *Younger* abstention is inapplicable; and (6) we misapplied the three strikes rule. *See* ECF No. 14.

A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions are sparingly granted "because courts have a strong interest in the finality of judgments." *Whitsitt v. Comcast-Spectacor, L.P.*, No. 11-7842, 2014 WL 3732131, *8 (E.D. Pa. July 28, 2014) (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)).

Mr. Carroll does not show a basis for reconsideration. We fully considered Mr. Carroll's claims for injunctive and declaratory relief against Director Walk in our Order and Memorandum dismissing his Complaint as frivolous. *See* ECF Nos. 12, 13. We specifically addressed his alleged future harm. Mr. Carroll offers no intervening change in the law and provides no new evidence. And he does not demonstrate a need to correct a clear error of law or fact or to prevent manifest injustice as we relied on his sworn facts.

Given our obligation to construe a *pro se* litigant's pleadings liberally, we construed Mr. Carroll as alleging Director Walk violated his constitutional rights when she ignored his letters related to the filing of his habeas petition because he asked us to enjoin the "rejection" of his habeas petition. *See* ECF No. 1 at 10; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)) (internal quotations omitted). We dismissed Mr. Carroll's Complaint with prejudice finding his Complaint frivolous because: (1) he cannot state a claim against Director Walk since she is immune from suit; (2) an amendment is futile because Mr. Carroll's sole federal remedy for release from custody is a writ of habeas corpus; and (3) Mr. Carroll's claims for injunctive and declaratory relief are barred by his ongoing state criminal case. He cannot seek our interference in his ongoing criminal matters based on the allegations. And a further amendment remains futile as Mr. Carroll now admits Director Walk did not yet violate his constitutional rights, but he instead only speculates she "would" violate his rights. Mr. Carroll now also lacks standing to pursue a new theory against Director Walk for possibly violating his rights.